J-S03038-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LENOXX RAIME NEWCOMER, | : | |
| | : | |
| Appellant | : | No. 835 WDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000672-2019

| COMMONWEALTH OF PENNSYLVANIA. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LENOXX RAIMEN NEWCOMER, | : | |
| | : | |
| Appellant | : | No. 836 WDA 2020 |

Appeal from the PCRA Order Entered July 16, 2020
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000675-2019

BEFORE:     DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 20, 2021**

Appellant, Lenoxx Raime Newcomer,[1] appeals from the July 16, 2020

Order that denied his Amended Petition filed pursuant to the Post Conviction

---

1 At Docket Number 672-2019, Appellant's middle name is spelled Raime,
while at Docket Number 675-2019, it is spelled Raimen.

Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[2]  Appellant challenges plea counsel's effectiveness.  After review, we affirm.

On August 23, 2019, at both Docket Numbers 672-2019 and 675-2019, Appellant pleaded guilty to one count at each docket of Person Not to Possess Firearms.[3]  On September 18, 2019, at Docket Number 672-2019, the trial court imposed a sentence of 18 to 60 months' incarceration, and at Docket Number 675-2019, a sentence of 60 months' probation, to be served consecutively to the sentence imposed at Docket Number 672-2019.  On September 26, 2019, the court denied his post-sentence motion to modify his sentence.[4]  Appellant did not file a direct appeal.

---

[2] On August 14, 2020, this Court consolidated *sua sponte* the above-numbered appeals.

[3] 18 Pa.C.S. § 6105(a)(1).

[4] The PCRA court further explained:

> [Appellant] filed a Post-[S]entence Motion to Modify Sentence on September 24, 2019, that was denied on September 26, 2019. On October 14, 2019, the [c]ourt addressed a letter to [plea counsel] advising him that the [c]ourt had reviewed the [pre-sentence investigation ("PSI") report,] which incorrectly classified [Appellant] as a[n] RFEL when in fact his [prior record score ("PRS")] was a five.  The letter further noted that this change in PRS would lower the standard range on both cases from a range of 27 to 30 months [of incarceration] to a range of 21 to 27 months [of incarceration,] but would not impact the sentence imposed since it was in the mitigated range of either PRS calculation.

Trial Ct. Op., 10/6/2020, at 2–3 (citations to record omitted and number formatting altered).

Appellant timely filed a *pro se* PCRA Petition on May 11, 2020. The PCRA court appointed counsel, who filed an Amended Petition on July 9, 2020, raising allegations of plea counsel ineffectiveness. The PCRA court held a hearing on Appellant's Amended Petition on July 14, 2020. The court heard testimony from Appellant and his plea counsel. The court denied the Amended Petition on July 19, 2020.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Was [plea] counsel ineffective in not ensuring that the [c]ourt imposed the sentence that was agreed upon as part of a closed deal?

2. Was [plea] counsel ineffective in unlawfully inducing a guilty plea based upon the promise of a guaranteed sentence that was not imposed?

3. Was [plea] counsel ineffective in failing to properly prepare for sentencing by reviewing the sentencing materials with [Appellant] in advance of the hearing?

Appellant's Br. at 5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "Further, the PCRA court's credibility determinations are

binding on this Court, where there is record support for those determinations." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Because all of Appellant's issues involve ineffectiveness of counsel, we are mindful of the following. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted).

"If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected." *Commonwealth v. Eichinger*, 108 A.3d 821, 830-31 (Pa. 2014). Thus, "if it is clear that [an a]ppellant has not established that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that

basis alone and the court need not first determine whether the first and second prongs have been met." ***Commonwealth v. Gribble***, 863 A.2d 455, 460-61 (Pa. 2004) (citation omitted).

In his first issue, Appellant contends plea counsel was ineffective for failing to notify the trial court "that the plea was induced by a closed-sentence structure" and "to ensure that [the] agreed-upon sentence was imposed." Appellant's Br. at 10. Specifically, Appellant claims that the Commonwealth offered him a plea deal whereby he would plead guilty to the aforementioned charges in exchange for an aggregate sentence of 18 to 36 months of incarceration with 60 months of concurrent probation. ***Id.*** He assails plea counsel for failing to inform the trial court of this purported agreement. ***Id.*** at 10, 13.

Appellant's argument is belied by the record. On August 23, 2019, Appellant entered into a written Plea Agreement, wherein he pleaded guilty to the charges and agreed that "[t]he Commonwealth has made no agreement as to sentencing" and "[e]xcept as expressly provided otherwise herein, there is no other agreement as to sentence or any other matter." Disposition under Rule 509(B) of the Rules of Criminal Procedure, 8/23/2019, at ¶¶ 1–2, 5. Plea counsel and the Commonwealth also signed the agreement. ***Id.*** Moreover, Appellant acknowledged in writing that the maximum sentence he could receive was five years; that he had discussed with plea counsel the permissible range of sentences that could be imposed; and that the trial court was not

bound by sentencing guidelines and could deviate from them. Guilty Plea Explanation of Defendant's Rights, 8/23/2019, at 1, 5–6. In addition, Appellant confirmed his understanding that the trial court "was not bound by any plea bargain or agreement entered into by [Appellant] and the District Attorney" and that if the court refused such a plea bargain, he "would have the right to withdraw [his] plea…." *Id.* at 7. Appellant also agreed he was satisfied with plea counsel. *Id.* at 9. While he indicated on the sheet that there was an agreement as to his sentence, *see id.* at 9, Appellant contradicted this by stating the opposite at his plea hearing. There, Appellant confirmed that his Plea Agreement contained no agreement as to sentence:

> THE COURT: And there is no agreement as to sentence or any other matter. Is that your understanding, sir?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: I have been given a pleader's memorandum with various blanks filled in. Did you go over this document?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Do you fully understand your right to a trial by jury or a non-jury trial?
>
> [APPELLANT]: Yes.
>
> THE COURT: Do you understand what rights you're giving up by entering your plea?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: I see your sentencing guidelines are 15 to 21 months, and that you will be sentenced within that standard range. Do you understand that?

[APPELLANT]: Yes, sir.

* * *

THE COURT: No threats or promises made to you?

[APPELLANT]: No, sir.

N.T., 8/23/2019, at 2–4. Appellant stated he was satisfied with plea counsel and plea counsel had answered all of Appellant's questions. *Id.* at 3–4. When the court gave Appellant an opportunity to ask questions about any aspect of his case that he was confused about or did not understand, Appellant declined. *Id.* at 3. Moreover, at his sentencing hearing, Appellant failed to make a statement or reference any purported sentencing agreement when the court gave him the opportunity to do so. *See generally*, N.T., 9/18/2019.

In contrast, at the PCRA hearing, Appellant testified that his plea deal included an agreed-upon sentence of 18 to 36 months' incarceration and a concurrent 60 months' probation. N.T., 7/14/2020, at 4–5. Rather than asking to be resentenced, Appellant requested the PCRA court to allow him to withdraw his guilty plea and proceed to trial so he would have an opportunity to review discovery he claimed he had not yet seen. *Id.* at 7. On cross-examination, Appellant conceded that his written Plea Agreement specifically indicated that there was no agreement as to sentencing and that he had also stated this at his guilty plea hearing. *Id.* at 7–11, Commonwealth Exhs. 1, 2. Appellant further acknowledged that he recalled the trial court's informing him

that his sentence would likely fall within the standard range as determined by his PSI. N.T., 7/14/2020, at 11.

Plea counsel testified at the PCRA hearing that he was present when the prosecutor verbally offered Appellant a plea agreement at Docket Number 672-2019, which included a sentence of 18 to 36 months' incarceration. *Id.* at 14. Plea counsel explained that when the prosecutor returned with the plea sheet, the offered sentence was not contained on it. *Id.* According to plea counsel, he brought this to the prosecutor's attention, but ultimately did not have the prosecutor revise the sheet because the prosecutor indicated that he would inform the court of the sentencing agreement. *Id.* Plea counsel further testified that at Docket Number 675-2019, the prosecutor offered a term of five years' probation, but he could not recall whether it was to be run concurrently or consecutively. *Id.* at 14–15. Plea counsel confirmed that he remembered at the plea hearing the court's indicating to Appellant that there was no agreement as to sentencing or any other matter and that it would sentence Appellant within the standard range as determined by the PSI. *Id.* at 18. He conceded neither he nor the prosecutor informed the court of the purported sentencing agreement. *Id.* at 21. Appellant did not call the prosecutor to testify at the PCRA hearing.

Finally, the PCRA court noted that at the time of the plea hearing, it had made a notation on its copy of the plea sheet that the sentence would be "18 to 60 plus 60" in the bottom corner of the sheet. *Id.* at 27–28.

In disposing of this issue, the PCRA court explained:

> [Appellant]'s statements at his plea hearing that there was no agreement as to sentencing is binding on him and he cannot now seek to contradict those sworn statements. Despite the opportunity to do so, neither he nor [plea counsel] sought to correct the Court's statements that his sentence would fall within the standard range as determined by the PSI. This failure is particularly telling in light of [Appellant]'s position that but for the sentencing agreement he would not have entered the guilty plea. The Court finds that the contemporaneous statements and actions of [Appellant] and [plea counsel] at the plea hearing more accurately reflect the terms of the plea agreement than those made many months later during the PCRA hearing. In addition[, Appellant] made no reference to a sentencing agreement at the time of sentencing despite the opportunity to make a statement. Accordingly, there is no merit to this allegation of error.

Trial Ct. Op., 10/6/2020, at 7 (citation to the record omitted).

We are bound by the PCRA court's credibility determination that the statements made by Appellant and plea counsel at the time of the plea hearing reflect that there was no agreement or that the agreement was as the trial court understood, *i.e.*, "18 to 60 plus 60." N.T., 7/14/2020 at 27–28; ***Anderson***, 995 A.2d at 1189. Moreover, during argument, the following exchange occurred between PCRA counsel and the PCRA court:

> [PCRA COUNSEL]: Your Honor, just briefly. We don't dispute that it wasn't placed on the record and I think that's clear that the 18 to 36 months was never placed on the record, but I also don't think it's uncommon for us not to place on the record if there is an understanding, I'm not saying there was or wasn't, it appears from your notes that there was not an understanding. If his attorney told him –
>
> THE COURT: What I am saying to you is this, I'm admitting to you that I'm saying that somewhere during that plea or that process, when I was given a copy of the plea agreement, you know, when we do our pleas, probation gets a photocopy, everybody involved

- 9 -

gets a photocopy. And my habit for the last 29 years is that if there is something I'm supposed to remember at the time of sentencing, I write it down and I'm just saying for the record, on my notes, it says 18 to 60 plus 60. So then I look at my sentencing and then I see we also had to go back and reflect on his prior record score because his juvenile record was involved.

So I'm just saying from what I'm seeing in these files, while I understand the argument, I'm saying looking at the paperwork, I think his deal was 18 to 60 plus 60. Now [plea counsel]'s recollection is different and [plea counsel] is a good lawyer and he does a lot of court appointed stuff for us and does a good job, so we'll have to sort it out.

N.T., 7/14/2020, at 27–28. Appellant did not call the prosecutor to testify at the PCRA hearing. Thus, given the conflicting statements, the PCRA court was in the best position to assess whether to credit Appellant and plea counsel's statements at the time of the plea hearing or the PCRA hearing. The court recognized the conflict and ultimately credited the statements made at the plea hearing. Trial Ct. Op., 10/6/2020, at 7. We cannot disturb its determination. **Anderson**, 995 A.2d at 1189; **see also Commonwealth v. Culsoir**, 209 A.3d 433, 437 (Pa. Super. 2019) (citations omitted) ("Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements."). Thus, there is no arguable merit to Appellant's first issue and we discern no error in the PCRA court's determination.

In his second issue, Appellant contends trial counsel was ineffective in unlawfully inducing Appellant's guilty plea. Appellant's Br. at 14–16. Appellant failed to include this issue in his court-ordered Pa.R.A.P. 1925(b) Concise Statement. Thus, Appellant has waived this claim. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

Finally, Appellant contends plea counsel was ineffective in failing to prepare properly for sentencing. Appellant's Br. at 5. Appellant has waived this issue because Appellant failed to divide the argument section of his Brief into as many parts as there are questions to be argued and he failed to provide any discussion relating to this issue in his argument section. **See** Appellant's Br. at 10–16; **see also** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Based on the foregoing, the PCRA court did not err in denying Appellant's Amended PCRA Petition.

Order affirmed. Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/20/2021