J-S34032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT PAUL GODLEWSKI | : | |
| | : | |
| Appellant | : | No. 1270 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 28, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002556-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: JANUARY 28, 2022**

Robert Paul Godlewski appeals from the judgment of sentence imposed in the Luzerne County Court of Common Pleas following his guilty plea to one count of criminal conspiracy to deliver controlled substances (fentanyl).[1]  He contends the trial court erred by:  (1) accepting his guilty plea as knowing and voluntary when his plea colloquy was statutorily deficient; (2) denying his pre-sentence motion to withdraw his guilty plea based upon his assertion of innocence and misunderstanding that he was pleading guilty to a misdemeanor; (3) denying his post-sentence motion to withdraw his plea without first conducting a hearing or providing new counsel; and (4) accepting his plea in light of his conflict of interest with plea counsel, which was not rectified prior to sentencing.  For the reasons below, we affirm.

---

[1] 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(30).

The relevant facts underlying Appellant's plea are gleaned from the affidavit of probable cause supporting the criminal complaint. *See* Affidavit of Probable Cause, 4/30/19, at 1-2. On April 17 and 22, 2019, narcotics agents with the Pennsylvania Office of Attorney General conducted two controlled buys of heroin with a confidential informant (CI). *Id.* On both occasions, the CI arranged with a person known as "Bill" to purchase the drugs at a house located on Maxwell Street in Wilkes-Barre, Luzerne County. *Id.* at 1. Each time, the CI was provided with prerecorded funds, and driven to the location by a narcotics agent. *Id.* During both transactions, "Bill," later identified as Appellant, left the house to pick up the drugs from a silver Hyundai sedan parked nearby. *Id.* Appellant then returned to the house and completed the transaction with the CI. *Id.* The agents arranged a third controlled buy for April 30th. *See id.* at 2. As in the past, after the CI entered the residence, Appellant exited the residence and entered the passenger side of the Hyundai sedan, which began to drive away. *Id.* Agents stopped the vehicle shortly thereafter, and both Appellant and the driver were arrested. *Id.* Although Appellant denied any knowledge of drugs, the driver informed the agents that he met with Appellant to sell him heroin. *Id.* Six hundred dollars of prerecorded funds were recovered from the driver. *Id.*

Appellant was originally charged with two counts of possession with intent to deliver a controlled substance (PWID),[2] and one count each of criminal conspiracy and criminal use of a communication facility.[3] The charge of criminal use of a communication facility was withdrawn prior to the filing of the criminal information.

On January 13, 2020, Appellant appeared for a guilty plea hearing, represented by Brian Corcoran, Esquire. The Commonwealth informed the trial court that Appellant agreed to plead guilty to one count of PWID (3.8 grams of fentanyl) — an "ungraded felony with a maximum time of 15 years" — in exchange for which the Commonwealth would withdraw the remaining charges. N.T., Guilty Plea H'rg, at 2. After a few preliminary questions — including whether Appellant had reviewed the plea with his attorney and signed the written plea agreement — the trial court asked Appellant if he understood the elements of the offense. *Id.* at 3-4. Appellant responded, "I thought it was conspiracy . . . I wanted to plead guilty to the conspiracy count." *Id.* at 4. The Commonwealth indicated that "could be a potential plea" and requested a moment to review the case. *Id.*

After a brief recess, the Commonwealth announced, "[T]his is a negotiated plea to Count 3, **criminal conspiracy** to PWID, fentanyl, 3.8

---

[2] Although no drug analysis report is included in the certified record, the Commonwealth stated at the guilty plea hearing that Appellant delivered 3.8 grams of **fentanyl**. *See* N.T. Guilty Plea H'rg, 1/13/20, at 2 (unpaginated).

[3] *See* 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512(a).

grams, **an ungraded felony** with a maximum time of 15 years[.]" N.T.,

Guilty Plea H'rg, at 5 (emphasis added). The following exchange took place:

> THE COURT: . . . I know you were going over this earlier. It's basically the same thing only the plea is to Count 3, conspiracy, rather than Count 1. That's what you wish to do?
>
> [Appellant]: Okay. Yes.
>
> THE COURT: Okay. You've reviewed all of this with your attorney, and you wish to plead guilty to that charge?
>
> [Appellant]: Yes.

*Id.* Thereafter, the Commonwealth provided a summary of the facts

underlying the charge, and the court further colloquied Appellant before

accepting the guilty plea. *See id.* at 6-7. At the conclusion of the hearing,

the trial court ordered a presentence investigation report and scheduled a

sentencing hearing for March 24, 2020. *Id.* at 7-8.

Due to the COVID-19 pandemic judicial emergency, Appellant's

sentencing hearing was postponed until June 26, 2020. At that time, Attorney

Corcoran informed the trial court that Appellant wanted to withdraw his guilty

plea, and did not want Attorney Corcoran "as his attorney anymore." N.T.,

6/26/20, at 2. When the court inquired why he wanted to withdraw his plea,

Appellant responded:

> I didn't intend to plead guilty to a felony. This incident was – I got caught up in. I had no criminal intent there at all. I would either want to plead not guilty or to a lesser charge. I didn't realize I was pleading to a felony like that. I had no intent or no gain . . .

*Id.* The trial court provided Appellant with two weeks to file a written motion to withdraw his plea and scheduled a hearing for July 28th. *Id.* at 3.

Attorney Corcoran did not file a written motion, and there was no hearing conducted on July 28th. On August 25, 2020, Appellant appeared before the trial court. At that time, Attorney Corcoran informed that trial court that Appellant "raised some issues . . . with me as his counsel[,]" specifically that Attorney Corcoran "didn't explain to him the nature of the charges and that they were a felony. [Appellant] claims he thought he was pleading to a misdemeanor." N.T. Sentencing H'rg, 8/25/20, at 2. Appellant confirmed this, stating:

> . . . I thought I was pleading to a conspiracy charge, misdemeanor; but then when they were explaining it to you, they didn't say conspiracy. Then we sent it back. Then when I signed it the second time, I pointed out here it says conspiracy, so I signed it, but I didn't realize it was a felony.
>
> Also, my co-defendant . . . was the actual . . . dealer in this case. [H]e didn't get a felony for this. All they did was use my telephone. That's definitely not what I wanted to plead to.

*Id.* at 2-3.

The Commonwealth objected because Appellant never filed a written motion to withdraw his plea when the court gave him the opportunity to do so. *See* N.T., Sentencing H'rg, at 3. Attorney Corcoran responded that he did not file a written motion because he would have had to "argue against [his] own client based upon [his] file notes." *Id.* at 4. Nevertheless, he asserted to the court that Appellant told him "he understood he was pleading to a misdemeanor [and t]hat was the basis for withdrawing the plea." *Id.* at

- 5 -

7. However, Attorney Corcoran also stated his "notes reflect that [he] explained the sentencing scheme to [Appellant] extensively, . . . and that [it] would be a State sentence[.]" *Id.* The trial court denied Appellant's request to withdraw his plea, concluding "there was a knowing, voluntary, and intelligent guilty plea entered [and that i]t just seems like now [Appellant] doesn't want to sort of face his sentencing." *Id.* at 8. The court proceeded to sentence Appellant to a term of 30 to 60 months' incarceration.

On September 3, 2020, Attorney Corcoran filed a timely post-sentence motion, requesting Appellant be permitted to withdraw his guilty plea based upon his misunderstanding that he was pleading to a felony rather than a misdemeanor. *See* Appellant's Post Sentence Motion, 9/3/20, at 1-2 (unpaginated). That same day, Attorney Corcoran also filed a motion for the appointment of conflict counsel, asserting Appellant "implicitly, if not explicitly, accused counsel of being ineffective" and there was an "irretrievable breakdown of the attorney-client relationship[.]" Appellant's Motion for Appointment of Conflict Counsel, 9/3/20, at 1-2 (unpaginated). On September 9th, the trial court granted the motion for appointment of conflict counsel, and present counsel — Mark Hinrichs, Esquire — entered his appearance on September 11th. That same day, the trial court entered an order denying Appellant's post-sentence motion.

On September 15, 2020, Attorney Hinrichs filed a post-sentence motion, in which he requested permission to supplement the previously-filed motion. *See* Appellant's Supplemental Post-Sentence Motion, 9/15/20, at 2

(unpaginated).  Attorney Hinrichs argued:  (1) Appellant should be permitted to withdraw his plea **pre-sentence** because he "makes an assertion of innocence[,]" and "lacked a fundamental understanding of the circumstances of the plea, including the correct charge he was admitting to[;]" (2) Appellant should be permitted to withdraw his plea **post sentence** because "he did not enter the guilty plea knowingly, intelligently, or voluntarily based on his lack of understanding[;]" and (3) the sentence imposed was "unduly harsh and excessive."  **Id.** at 4, 6-8.  On September 18th, the trial court entered an order denying the supplemental post-sentence motion as untimely.  This timely appeal follows.[4]

Appellant raises the following four issues for our review:

1. Did the trial court err by accepting [Appellant's] guilty plea that had not been made knowingly, intelligently, and voluntarily as a result of a statutorily deficient guilty plea colloquy rendering the plea invalid?

2. Did the trial court err by denying [Appellant's oral] motion to withdraw his plea based upon assertions of innocence and a complete lack of understanding about the substance of the criminal conduct and offense at the time the plea was accepted by the court?

3. Did the trial court err by denying [Appellant's] post-sentence motion to withdraw the guilty plea by failing to conduct an on the record hearing to determine that the defective colloquy failed to identify that [Appellant] pleaded guilty in an

_____

[4] Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  The Commonwealth has not filed a responsive brief in this matter.

unknowing and involuntary manner resulting in a manifest injustice?

4. Did the trial court err by accepting [Appellant's] guilty plea when over the course of the plea and sentencing hearings, counsel for [Appellant] indicated that one or more issues existed with [Appellant] creating a conflict of interest that would require an admission of ineffective assistance of counsel in order to continue to represent [Appellant], which in effect left [Appellant] unrepresented?

Appellant's Brief at 4.

While Appellant sets forth four distinct claims in his brief, they all center on the trial court's refusal to permit him to withdraw his guilty plea. Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (citation omitted). "Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). In either case, the decision whether to permit a defendant to withdraw a plea rests within the trial court's discretion. *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019).

A motion to withdraw a plea made before sentencing should be liberally granted. *See Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). Nevertheless, our Supreme Court has concluded that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant

such a request." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285

(Pa. 2015). Rather:

> [T]he proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292. In ***Commonwealth v. Norton***, 201 A.3d 112 (Pa. 2019), the

Court further explained that pursuant to its decision in ***Carrasquillo***,

> trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Id.*** at 121.

A trial court's review of a post-sentence request to withdraw a guilty

plea, is guided by the following:

> [As noted above], the decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court. Moreover, a request to withdraw a guilty plea after sentencing is subject to higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements.

*Culsoir*, 209 A.3d at 437 (citations omitted). With these standards in mind, we consider Appellant's arguments on appeal.

First, Appellant contends the trial court erred when it accepted his guilty plea after conducting an insufficient colloquy. Appellant's Brief at 13. Specifically, he maintains the court did not insure there was a sufficient factual basis for the plea or that Appellant understood the nature of the crime to which he pled guilty — criminal conspiracy to deliver fentanyl. *See id.* at 15, 19-20, 22-23. Moreover, Appellant insists the trial court did not discuss the potential range of sentences he faced nor inform him about the jury process, including the requirement that a jury verdict be unanimous. *See id.* at 24-28. Thus, Appellant argues his plea was "not the product of a knowing and voluntary decision[.]" *Id.* at 13.

We note that "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017). Accordingly:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted).

- 10 -

Upon our review, we conclude Appellant's challenge to the sufficiency of his plea colloquy is waived because he did not raise this claim before the trial court in either his oral pre-sentence motion or his written post-sentence motion to withdraw his plea. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Prior to sentencing, Appellant requested to withdraw his plea because he "didn't intend to plead guilty to a felony." N.T., 6/26/20, at 2. **See** N.T., Sentencing H'rg, at 7 (Attorney Corcoran stating Appellant claimed he "understood he was pleading to a misdemeanor"). That was also the only claim presented in his timely-filed post-sentence motion. **See** Appellant's Post Sentence Motion at 1-2. Accordingly, Appellant's first claim is waived for our review.[5]

Next, Appellant asserts the trial court erred when it denied his pre-sentence motion to withdraw the plea. **See** Appellant's Brief at 28. He insists he "clearly assert[ed his] innocence" at the June 26, 2020, hearing when he stated he "had no criminal intent" and had nothing to gain from the events leading to his arrest. **Id.** at 30. He "also indicated he was not pleading to a

_____

[5] We note that Attorney Hinrichs attempted to file a supplemental post-sentence motion, but the trial court denied him permission to do so. **See** Order, 9/18/20; Pa.R.Crim.P. 720(B)(1)(b) (permitting filing of supplemental post-sentence motion **only** upon leave of court). Nevertheless, our review of the supplemental motion reveals no specific challenge to the colloquy, but rather only a **vague** claim that Appellant "did not enter the guilty plea knowingly, intelligently, or voluntarily based on his lack of understanding and the resulting inability to make decisions accurately in his case." Appellant's Supplemental Post-Sentence Motion at 7.

felony." **Id.** Appellant further emphasizes that Attorney Corcoran was operating under a "conflict of interest" to such extent that he was unable to file a written motion on Appellant's behalf. **Id.** at 31. Lastly, Appellant faults the trial court for failing to "hold a formal hearing" on his motion to withdraw the plea. **See id.** at 30-31.

As noted above, Appellant presented an oral motion to withdraw his guilty plea to the trial court, first, on June 26, 2020, and again on August 25, 2020. On both occasions, Appellant stated that he misunderstood he was pleading guilty to a felony charge, and instead, believed he was entering a plea to a misdemeanor. **See** N.T., 6/26/20, at 2; N.T., Sentencing H'rg, at 2-3, 7-8. The trial court addressed this claim in its opinion as follows:

> Here, we initially note that a review of the record confirms that [Appellant] did not assert his innocence at any point during the January 13, 2020 guilty plea hearing, the June 26, 2020 aborted sentencing hearing, the August 25, 2020 pre-sentence motion to withdraw/sentencing hearing, or in his timely filed post-sentence motion to withdraw his plea. Indeed, it is readily apparent from the record that [Appellant's] pre-sentence and post-sentence requests to withdraw his guilty plea were not based on an assertion of innocence but were instead based on [Appellant's] assertion that he was not aware that the conspiracy charge to which he was pleading was graded as a felony.
>
> Further, [Appellant's] claimed lack of knowledge was belied by the record, which shows that [Appellant] was well aware that the conspiracy charge to which he was pleading was graded as a felony. Thus [Appellant's] pre-sentence request to withdraw his plea was not accompanied by a demonstration of a fair-and-just reason, and [Appellant] did not, and could not, show that permitting withdrawal of his plea would promote fairness and justice. As such, this Court appropriately denied his pre-sentence request to withdraw the plea.

Trial Ct. Op. at 11-12 (citations omitted).

We detect no abuse of discretion on the part of the trial court. Contrary to his claim on appeal, Appellant did not "clearly assert[ his] innocence" during the June 26th hearing. Rather, he stated: (1) he did not intend to plead guilty to a felony; (2) he "got caught up in" the incident; (3) he had "no criminal intent[;]" and (4) he "would either want to plead not guilty or to a lesser charge." N.T., 6/26/20, at 2. Appellant's comments at both the June 26th and August 25th hearings indicate that he wanted to withdraw his plea because he desired to plead to a misdemeanor, not because he was innocent of the crime.

Furthermore, Appellant cites no authority requiring the trial court to conduct a "formal hearing" on his motion prior to sentencing. *See* Appellant's Brief at 30-31. Although Attorney Corcoran neglected to file a written motion to withdraw the plea, the trial court permitted counsel to argue Appellant's position before denying the motion. *See* N.T., Sentencing H'rg, at 1-8. Moreover, as the trial court points out in its opinion, the record belies Appellant's claim that he believed he was pleading guilty to a misdemeanor. Indeed, after a brief recess during the plea hearing, the Commonwealth stated that the parties reached a "negotiated plea to Count 3, criminal conspiracy to PWID, fentanyl, 3.8 grams, **an ungraded felony** with a maximum time of 15 years[.]" N.T., Guilty Plea H'rg, at 5 (emphasis added). Similarly, the written plea agreement, which is included in the certified record and signed by Appellant, indicates the plea was for an ungraded felony. *See* Appellant's Plea

- 13 -

Agreement, 1/13/20 (listing grading of the crime as "F" for felony). Accordingly, Appellant's claim that he believed he was pleading to a misdemeanor charge is belied by the record.

Next, Appellant contends the trial court erred when it denied his post-sentence motion to withdraw his plea. **See** Appellant's Brief at 31-32. Again, he complains that the trial court failed to conduct a hearing on his motion, and asserts the court should have appointed a new attorney before addressing the motion. **Id.** at 32-33.

With regard to Appellant's post-sentence request to withdraw the plea, the trial court found that Appellant "entered into the plea agreement knowingly, intelligently and voluntarily, and . . . did not demonstrate that manifest injustice would result from the denial of his post-sentence motion to withdraw[.]" Trial Ct. Op. at 12. We agree. Again, Appellant fails to cite any authority mandating the trial court conduct a hearing on a post-sentence motion. In fact, Pennsylvania Rule of Criminal Procedure 720 provides that the trial court shall "determine whether a hearing or argument on the motion is required[.]" Pa.R.Crim.P. 720(B)(2)(b). Here, the timely-filed motion presented the same claim that was argued prior to sentencing — that is, Appellant misunderstood he was pleading to a felony. Thus, the court did not err in failing to conduct a hearing before denying relief.

Moreover, while Attorney Corcoran told the trial court at the June 26th listing that Appellant indicated he did not "want [Attorney Corcoran] as his attorney anymore[,]" he did not file a motion to withdraw as counsel, or argue

to the court at that time that there was an irreconcilable conflict of interest. N.T., 6/26/20, at 1-2. Indeed, the trial court stated: "I'm not sure what your issue is with your attorney, but he's your court-appointed attorney[, and] I don't pick and choose who your public defender is." *Id.* at 3. Because neither Appellant nor Attorney Corcoran provided the court with any reason to permit counsel to withdraw, the court was under no obligation to appoint conflict counsel. Thus, Appellant's third issue fails.

In his final claim, Appellant similarly asserts the trial court erred when it failed to rectify the "significant conflict" between Appellant and counsel prior to sentencing. Appellant's Brief at 34. Appellant's sole argument on this claim consists of the following sentence: "Appellant wants [the Superior] Court to consider the possibility that he hadn't received motivated counsel, especially with regard to Appellant[']s desire to withdraw his plea." *Id.* at 35.

We emphasize again that Attorney Corcoran did not file a formal motion to withdraw as counsel before Appellant's sentencing hearing. While there was some discussion at the June 26th hearing that Appellant wanted new counsel, it was insufficient to obligate the trial court to inquire further. Moreover, although Attorney Corcoran indicated at the August 25th hearing that he could not "ethically" file a written motion to withdraw Appellant's plea because he would have to "argue against [his] own client based upon [his] file notes," he did orally argue Appellant's position before the trial court. ***See*** N.T., Sentencing H'rg, at 4-8. Indeed the trial court opined that Attorney Corcoran "properly represented" Appellant by: "(1) negotiating a plea

- 15 -

agreement . . . whereby two of the three original charges were dropped; (2) arguing on [Appellant's] behalf to withdraw the plea prior to sentencing; and (3) filing a timely post-sentence motion to withdraw the guilty plea." Trial Ct. Op. at 14. Thus, as the court concludes: "If [Appellant] nevertheless choses to raise an allegation that counsel was ineffective, he may [do so] through the Post Conviction Relief Act." *Id.* We agree.

Because we conclude Appellant has failed to demonstrate the trial court abused its discretion in denying his pre- and post-sentence motions to withdraw his guilty plea, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022