J-S44003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE DAVEY CRIBBS | : | |
| | : | |
| Appellant | : | No. 1243 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 3, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000540-2017

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY SHOGAN, J.:                 **FILED AUGUST 15, 2019**

Appellant, Kyle Davey Cribbs, after filing a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-9546, filed a notice of appeal prior to any ruling on the petition.  Thereafter, Appellant filed an application for remand.  After review, we quash the appeal as premature, and we deny the application for remand as moot.[1]

---

[1] Adding to the confusion of this appeal is the fact that in his August 22, 2018 notice of appeal, Appellant purported to challenge the January 3, 2018 judgment of sentence, which was entered on the docket on January 8, 2018, and "the failure of the court to enter a ruling" on the PCRA petition.  Notice of Appeal, 8/22/18.  To the extent that Appellant attempted to appeal the judgment of sentence, we find the appeal patently untimely by more than six months.  Pa.R.A.P. 903.  Accordingly, we lack jurisdiction, and we could quash this appeal on that basis alone.  ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015).  However, because it appears through Appellant's subsequent filings that he endeavored to challenge only the absence of a ruling on his PCRA petition, we dispose of Appellant's errant challenge as a premature PCRA appeal.

It is well settled that this Court may raise issues concerning jurisdiction *sua sponte*. ***Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014). "Pennsylvania's Rules of Appellate Procedure place great importance on the concept of 'final orders' to establish jurisdiction to hear an appeal." ***Commonwealth v. Culsoir***, 209 A.3d 433, 435 (Pa. Super. 2019). As a general rule, an appeal may be taken only from a final order. Pa.R.A.P. 341. "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910.

The record reflects that Appellant was sentenced on January 3, 2018. On February 6, 2018, Appellant's counsel filed a motion to withdraw his representation, and the trial court granted the motion on February 8, 2018.

On March 26, 2018, Appellant filed a *pro se* PCRA petition. However, before the PCRA court ruled on Appellant's petition, Appellant's counsel filed the underlying notice of appeal on August 22, 2018.[2, 3] On June 11, 2019, while the instant appeal was pending, Appellant's counsel filed with this Court an application for remand. In the application, counsel recognized that the

---

[2] Although the record does not reflect counsel entering his appearance on Appellant's behalf, Eric D. Levin, Esquire, filed Appellant's notice of appeal.

[3] Appellant's appeal was docketed at both 1218 WDA 2018 and 1243 WDA 2018. On September 24, 2018, Appellant's counsel filed a *praecipe* to discontinue the duplicate appeal at 1218 WDA 2018. On September 27, 2018, the appeal at 1218 WDA 2018 was discontinued.

PCRA court had not issued a ruling and the case was not ripe for an appeal. Application for Remand, 6/11/19, at ¶¶ 6-9. On June 18, 2019, this Court filed an order deferring a ruling on Appellant's application for remand.

After review, we conclude that there is no final and appealable order. Accordingly, we quash the appeal for lack of jurisdiction due to the absence of a final order.[4] *Culsoir*, 209 A.3d at 436; Pa.R.A.P. 341(b); Pa.R.Crim.P. 910. Additionally, Appellant's application for remand is denied as moot.

Appeal quashed. Application for remand denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2019

---

[4] We are cognizant that in some instances, a premature appeal may ripen into a timely appeal when the PCRA court files a final order after the appeal is filed. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Here, however, the PCRA court has taken no action, and Appellant's PCRA petition remains pending before the PCRA court.