J-S52008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JESUS OROZCO :
:
Appellant : No. 2154 EDA 2018

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000846-2017

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 08, 2019**

Jesus Orozco appeals from the judgment of sentence imposed May 21, 2018, in the Montgomery County Court of Common Pleas. The trial court sentenced Orozco to time served to six months' imprisonment, and a concurrent five years' probation, following his guilty plea to one count each of driving under the influence of alcohol ("DUI"), and theft.[1] On appeal, he contends the trial court erred in determining he entered a knowing, intelligent, and voluntary plea because he was not sufficiently advised on the record that his plea would "almost certainly result in [his] deportation." Orozco's Brief at 8. For the reasons below, we affirm.

The facts underlying Orozco's guilty plea are as follows. On January 15, 2017, at approximately 11:57 p.m., Orozco stole a Dodge Ram truck from the

---

[1] *See* 75 Pa.C.S. § 3802(b), and 18 Pa.C.S. § 3921(a).

owner's driveway, and drove it away. When the truck was recovered shortly thereafter, Orozco was sitting in the driver's seat, visibly intoxicated. A breath test registered his blood alcohol level at .160%.[2] **See** Criminal Complaint, 1/16/2017, Affidavit of Probable Cause at 8. Orozco was charged with numerous offenses, but on July 12, 2017, he entered an open guilty plea to DUI-high level of alcohol and theft. He was sentenced on May 21, 2018, to time served to six months' imprisonment for DUI, and a concurrent term of five years' probation for theft.

On June 12, 2018, Orozco filed an emergency motion seeking permission to file a post-sentence motion *nunc pro tunc*.[3] That same day, the court held a hearing, and granted Orozco's request. Thereafter, on June 20, 2018, Orozco filed a post-sentence motion *nunc pro tunc* in which he sought to withdraw his guilty plea. Specifically, Orzoco complained, "he neither received advice concerning the risk of adverse immigration consequences, or specific guidance that his plea would make him clearly subject to deportation."

---

[2] At the guilty plea hearing, the trial court gave Orozco a "margin of error" and allowed him to plead guilty to a BAC level of .159%, under the high rate of alcohol subsection. N.T., 7/12/2017, at 7. **See also** 75 Pa.C.S. § 3802(b) (alcohol concentration of at least 0.10% but less than 0.16%).

[3] Orozco averred in his emergency motion: (1) he was detained by federal immigration agents the day after his sentencing hearing; (2) he has remained in federal immigration detention since that time; and (3) he has been unable to contact his public defender to request the filing of a post-sentence motion. **See** Emergency Motion for Permission to File Post Sentence Motion *Nunc Pro Tunc*, 6/12/2018, at ¶¶ 8-13.

Post Sentence Motion, 6/20/2018, at ¶ 10. Therefore, he insisted he did not "knowingly, intelligently, and voluntarily enter a guilty plea." *Id.* at ¶ 12. On June 26, 2018, the trial court entered an order denying the motion. Orzoco subsequently filed a motion to vacate the June 26th order, and requested the court schedule a hearing on his claim. The trial court, however, promptly denied that motion on July 19, 2018. This timely appeal followed.[4]

In his sole issue on appeal, Orozco contends his plea was not knowingly and intelligently entered because he was not informed his guilty plea would "make him clearly subject to deportation." Orozco's Brief at 9.

The decision whether to grant a post-sentence request to withdraw a guilty plea rests with the sound discretion of the trial court. *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019).

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." *Id.* (citation omitted). A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999).

_____

[4] On July 20, 2018, the trial court ordered Orozco to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Orozco complied with the court's directive, and filed a concise statement on August 20, 2018.

*Id.* Moreover, "[o]nce a defendant enters a guilty plea, it is presumed that he was aware of what he was doing[,]" and he is bound by any statements he made during his guilty plea colloquy. *Id.*

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the United States Supreme Court, recognizing the "seriousness of deportation as a consequence of a criminal plea," held that defense counsel must inform a non-citizen client whether a guilty plea "carries a risk of deportation." *Id.* at 374. The Court further determined that the failure to do so constitutes ineffective assistance of counsel. *See id.*

In the present case, Orozco does not present his claim as an allegation of counsel's ineffectiveness for failing to inform him of the risk of deportation. Nor could he challenge counsel's ineffectiveness on direct appeal.[5] Rather, Orozco focuses on his guilty plea colloquy, and emphasizes he was not instructed that his plea would clearly subject him to deportation. Orozco's Brief at 9. While he acknowledges he was informed of the possibility of

_____

[5] It is well-settled that ineffectiveness claims must generally be deferred until collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). While the Pennsylvania Supreme Court has carved out three exceptions to this general rule, none of them is applicable herein. *Commonwealth v. Delgros*, 183 A.3d 352, 360 (Pa. 2018) (enumerating three exceptions to general rule that trial court may not consider ineffectiveness claims in post-sentence motion: (1) "a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[;]" (2) "if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence[;]" and (3) "where the defendant is statutorily precluded from obtaining subsequent PCRA review").

deportation, he maintains his felony theft conviction met the definition of an "aggravated felony" under the Immigration and Nationality Act, which is a "deportable" offense. *Id.*, *citing* 8 U.S.C. § 1227(a)(2)(A)(iii). *See also* 8 U.S.C.A. § 1101(a)(43)(G) (defining an "aggravated felony" as, *inter alia*, "a theft offense … for which the term of imprisonment [is] at least one year"). Accordingly, he argues he should have been "advised on the record that deportation would be a virtual certainty for the crime for which he was about to plea[d] guilty[.]" Orozco's Brief at 10.

The trial court first concluded Orozco's claim was an "attempt to litigate an ineffective assistance of counsel claim on direct appeal." Trial Court Opinion, 9/14/2018, at 6. The court concluded, as do we, that such a claim "is not properly raised in connection with a direct appeal." *Id.* Nevertheless, the court also found "[t]he existing record amply demonstrates that [Orozco] repeatedly was cautioned to seek advice from an immigration attorney, that he did seek such advice and that, despite knowing he faced possible deportation, he chose to enter an open guilty plea." *Id.* at 6-7. We agree.

In *Padilla*, the Supreme Court placed the responsibility of informing a defendant he faced possible deportation as a consequence of his plea on counsel. *See Padilla*, *supra*, 559 U.S. at 374 ("[W]e now hold that counsel must inform her client whether his plea carries a risk of deportation."). In the present case, the record reveals both counsel and the trial court explicitly

- 5 -

informed Orozco numerous times that he might be deported as a result of his guilty plea.

First, at a May 30, 2017, pretrial conference, defense counsel informed the court that Orozco has been denied ARD, and faced a term of incarceration. *See* N.T., 5/30/2017, at 2. Therefore, counsel requested a relisting so that his client could speak with an immigration attorney:

> [Counsel]: … I would not let him plead this out today without him speaking to an immigration attorney.
>
> THE COURT: All right. That is the priority.

*Id.* at 3. The court then directly addressed Orozco:

> THE COURT: Mr. Orozco, do you speak English?
>
> [Orozco]: Yes. Yes.
>
> THE COURT: This week, you [have] got to go see an immigration attorney.
>
> [Orozco]: Yes, understood.
>
> THE COURT: Okay.

*Id.* The trial court repeated this to Orozco's father, telling him "[m]ake sure he sees an immigration attorney."[6] *Id.* at 4.

During the subsequent guilty plea colloquy, both defense counsel and the trial court confirmed Orozco's knowledge that his plea may result in his deportation:

---

[6] Orozco, who was born in January of 1998, was 17 years old on the date he committed the offense.

[Counsel:] You are not a U.S. citizen; is that correct?

[Orozco:] Yes.

[Counsel:] You retained the services of an immigration attorney?

[Orozco:] Yes.

[Counsel:] Did you consult regarding this case?

[Orozco:] Yes.

[Counsel:] And that immigration attorney has consulted with me as well?

[Orozco:] Yes.

[Counsel:] Knowing all that, is it still your intention to plead guilty in this case?

[Orozco:] Yes.

* * * *

THE COURT: Now, listen, you could be deported because of this.

[Orozco:] Yeah.

THE COURT: Are you aware of that?

[Orozco:] Yes.

THE COURT: Knowing that, you still wish to plead guilty?

[Orozco:] Yes.

N.T., 7/12/2017, at 4-5, 6-7.[7]

It is clearly evident Orozco was warned numerous times by both counsel and the trial court that his entry of a guilty plea might lead to his deportation. Indeed, at this plea colloquy, he explicitly acknowledged he knew that to be

---

[7] **See also** Written Guilty Plea, 7/12/2017, at 8 (Orozco responded "Yes" to the question, "Do you understand that if you are not a United States citizen a guilty plea may result in action by the federal immigration enforcement agencies up to and including deportation?").

so, and still desired to enter a guilty plea. *See id.* "Defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements." *Culsoir*, *supra*, 209 A.3d at 437. Therefore, Orozco's present assertion that he was unaware of the immigration consequences of his plea is belied by the record.

Furthermore, to the extent Orozco argues the advice he was given by counsel was not specific enough, we again find no relief is warranted. Seizing upon language in *Padilla* which implies counsel must provide specific advice when the "deportation consequence is truly clear," Orozco insists the general information he received in the present case, informing him he **might** be subject to deportation, was insufficient when a review of the Immigration and Nationality Act reveals his conviction of theft made him clearly "deportable." Orozco's Brief at 9, *quoting* **Padilla**, **supra**, 559 U.S. at 369. This Court, however, has considered, and rejected, this claim. *See Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. 2013) (counsel need not inform defendant that plea to possession with intent to deliver cocaine would definitely lead to his deportation; advice that "there was a substantial risk of deportation" and "it was likely three would be deportation proceedings instituted against him" was sufficient); **Commonwealth v. Wah**, 42 A.3d 335, 341 (Pa. Super. 2012) (counsel "acted within the range of professionally competent assistance when he recommended that appellant seek the advice

of an expert in immigration law" to ascertain specific deportation consequences of plea to fraud in amount exceeding $10,000).

Because we conclude Orozco is entitled to no relief on the only issue raised in this appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge Kunselman joins this memorandum.

Judge McLaughlin files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19