J-S14029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY SHAW | : | |
| | : | |
| Appellant | : | No. 1321 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000300-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:              **FILED: JUNE 22, 2022**

Larry Shaw (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed in the Fayette County Court of Common Pleas following his guilty plea to, *inter alia*, persons not to possess firearms.[1]   On appeal, Appellant contends his plea was not entered knowingly, voluntarily, and intelligently.  We affirm.

The trial court summarized the facts underlying Appellant's guilty plea in the case *sub judice* as follows:

> [On February 5, 2020,] the Uniontown Police were dispatched for a reported shooting that occurred at 221 Connellsville Street in the City of Uniontown.  William Mattey, the victim, stated that he had gone to purchase drugs from [ ] Appellant, but [Appellant] did not have any [and] was in need of some.  [ ] Appellant and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

Mattey then planned to rob another guy of his drugs. They attempted to commit the robbery but were unsuccessful. As they were returning to [ ] Appellant's residence, [ ] Appellant and Mattey got into a verbal argument. Mattey informed the police that [ ] Appellant then pulled a 45 caliber handgun on him and fired the gun once at him before he fled and then fired the gun a second time.

Trial Ct. Op., 1/4/22, at 2 (unpaginated).

Appellant was arrested and charged at the instant trial docket — CP-26-CR-0000300-2020 (Docket 300-2020) — with attempted homicide, attempted aggravated assault, simple assault, recklessly endangering another person, terroristic threats,[2] and persons not to possess firearms. On July 8, 2020, Appellant appeared before the trial court to enter a global guilty plea in four outstanding cases, including the one before us. He was represented by Michael Aubele, Esquire. Appellant pled guilty to the following offenses: (1) at trial docket CP-26-CR-0000575-2019 (Docket 575-2019), theft by deception;[3] (2) at trial docket CP-26-CR-0000288-2020 (Docket 288-2020), persons not to possess firearms, possession with intent to deliver controlled substances, possession of controlled substances, and possession of drug paraphernalia;[4] and (3) at trial docket CP-26-CR-0000591-2020 (Docket 591-

_____

[2] **See** 18 Pa.C.S. §§ 901, 2501, 2702(a)(4), 2701(a)(3), 2705, and 2706(a)(1), respectively.

[3] 18 Pa.C.S. § 3922(a)(1).

[4] 35 P.S. § 780-113(a)(16), (30), (32).

2020), simple assault and harassment.[5]  In the present case — Docket 300-2020 — the Commonwealth agreed to *nol pros* the attempted murder charge and Appellant pled guilty to the remaining offenses.  N.T., 7/8/20, at 8, 13.

During the plea hearing, the trial court questioned whether the firearm Appellant unlawfully possessed at Docket 288-2020 was the same firearm he unlawfully possessed at Docket 300-2020.  N.T., 7/8/20, at 7-8.  Appellant replied that it was.  *Id.* at 8.  Because both incidents occurred the same day, the court inquired whether Appellant could "be charged and sentenced multiple times for possessing the same firearm" on the same day.  *Id.*  The Commonwealth replied that the charges were proper because "[t]here are two separate incidents, two separate investigations, two separate charges, two separate cases[;] these incidents were conducted by two different police agencies at two different times."  *Id.* at 9.  Although it is not clear from the limited record before us,[6]  it appears the charges at Docket 288-2020 were filed following the execution of a search warrant at Appellant's home that was obtained independent of the incident in this case.  Appellant states the incidents (*i.e.* the assault of Mattey and the execution of the search warrant), "occurred only five hours apart on [the same] date, and . . . involved the same Industria Argentina 45 caliber firearm."  Appellant's Brief at 5.

_____

[5] 18 Pa.C.S. §§ 2701(a)(3), 2709(a)(1).

[6] The only information in the certified record regarding Docket 288-2020 is what was discussed during the plea hearing.

During the discussion, the Commonwealth stated that if Appellant did not "want the deal" at Docket 300-2020, it would "get [the victim] in and he'll testify." N.T., 7/8/20, at 10. Thereafter the following exchange took place:

> [Attorney] Aubele: I've advised my client that it's in his best interest to take the deal and I believe it is. I just don't want him to have two convictions for the same, that's all I'm trying to do.
>
> [Commonwealth]: He's not going to have two convictions for the same offense because they're at different times.
>
> THE COURT: He can have two convictions for the same firearm.
>
> [Commonwealth]: Yes. Let's say that on Monday he had his gun out and he was wielding it around. That's number one.
>
> THE COURT: At 10:00 A.M.
>
> [Commonwealth]: At 10:00 A.M.
>
> THE COURT: And at 3:00 [P].M. he had the same gun out.
>
> [Commonwealth]: He had it again. It's not the same incident. He had possession of the gun twice in one day. It doesn't matter if he had the incident number one at 10:00 and at 11:30 he went down in another place and had the gun. That's two different situations.
>
> [Attorney] Aubele: Your Honor, we're not going to contest that specific charge. We agree that the Commonwealth will likely sustain their burden on that charge.

*Id.* at 10-11.

The trial court accepted the plea and then proceeded to sentence Appellant on each of the dockets. The court imposed a sentence of 5 to 10 years' imprisonment for persons not to possess firearms at Docket 300-2020, and a concurrent term of 4 to 10 years' imprisonment for the same crime at Docket 288-2020. N.T., 7/8/20, at 11, 13. At Docket 591-2020, the court

- 4 -

imposed a term of six to 12 months' imprisonment for simple assault, to run consecutive to the sentence at Docket 288-2020, and at Docket 575-2019, the court imposed a concurrent sentence of 2½ to 5 years' imprisonment.[7] *See id.* at 12.

Appellant did not file a post-sentence motion to withdraw his plea or a direct appeal. Instead, on March 11, 2021, Appellant filed a *pro se* document

---

[7] Although not raised on appeal, we point out a discrepancy in the record. The written guilty plea form indicates that Appellant was pleading guilty to various counts in the aforementioned cases, and would receive an aggregate sentence of **4½ to 11 years'** incarceration, consecutive to another sentence he had recently received. *See* Guilty Plea, 7/8/20. The Commonwealth reiterated this agreement at the commencement of the plea hearing. *See* N.T., 7/8/20, at 2 (Commonwealth stating the plea "calls for a term of four and a half to eleven years consecutive to the sentence he just received on all four cases"). The court and its staff refer to the prior offense as "287 of 2020, which was [a] trial." *See id.* at 11, 13. Upon our independent review of Appellant's Fayette County Court Summary, we confirmed that on July 6, 2020, Appellant was sentenced to a term of 6 to 12 years for persons not to possess firearms at Trial Docket CP-26-CR-0000287-2020.

As noted above, the court imposed a sentence of **five to ten years'** imprisonment for the firearms offense in the present case. Initially, the court stated the sentence would run concurrently to the sentences for the other three pleas entered that day, as well as to 287-2020. N.T., 7/8/20, at 13. Inexplicably, the court also stated: "I[f] our calculations are correct that **should total four and a half to eleven years** which was the plea bargain consecutive to 300 of 2020." *Id.* (emphasis added). However, the court then corrected itself and indicated the sentence *sub judice* would run "consecutive to 287 of 2020." *Id.* To further complicate matters, the sentencing order in the certified record states "this sentence shall run concurrent with the sentencing imposed at Nos. **287 of 2020**; 288 of 2020; 591 of 2020 and 575 of 2020." Order, 7/8/20 (emphasis added). Thus, despite the agreement that Appellant would serve an aggregate term of 4½ to 11 years' imprisonment, it appears he was sentenced to an aggregate term of **5 to 11 years'** imprisonment. Nevertheless, Appellant has not raised any challenge to his sentence on appeal.

- 5 -

titled "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*." No action was taken. Thereafter, on May 24th, he filed a timely *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA),[8] asserting he "didn[']t plead guilty to this case" and "also [he is] being charged with the same gun twice[.]" Appellant's Post-Conviction Relief Act Petition Pursuant to 42 Pa.C.S.A. 9543 et. seq., 5/24/21, at 4. James V. Natale, Esquire, was appointed to represent Appellant and filed an amended PCRA petition on October 20, 2021, arguing trial counsel was ineffective for failing to object when the court sentenced Appellant at Docket 300-2020, and for failing to file a direct appeal. **See** Appellant's Amended Post Conviction Relief Act Petition, 10/20/21, at 1-2 (unpaginated). Appellant did not request permission to file a post-sentence motion *nunc pro tunc*.

One week later, on October 27, 2021, the PCRA court entered an order granting Appellant's request to file a direct appeal *nunc pro tunc*. Order, 10/27/21. This timely appeal followed.[9]

Appellant raises a single issue on appeal:

Whether Appellant's guilty plea was knowing, voluntary, and intelligent?

---

[8] 42 Pa.C.S. §§ 9541-9546.

[9] Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant's Brief at 3.[10]

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014) (citation omitted).  Furthermore:

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.  Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing.  When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice."  . . .  Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices."

***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (citations and footnote omitted).  A defendant meets the standard of manifest injustice "only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Culsoir***, 209 A.3d 433, 437 (Pa. Super. 2019).  However:

> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing.  Consequently, defendants are bound by statements they make during their guilty plea colloquies and

---

[10] The Commonwealth informed this Court that it would not be filing a responsive brief, but rather would rely upon the trial court's opinion.  ***See*** Commonwealth's Letter, 3/18/22.

may not successfully assert any claims that contradict those statements.

*Id.* (citations omitted).

Moreover, it is axiomatic that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013), *citing* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "Failure to employ either measure results in waiver." ***Id.*** at 610 (citation omitted). ***See also Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (challenge to deficient colloquy for guilty plea raised for the first time in Rule 1925(b) statement was waived).

On appeal, Appellant argues the entry of his guilty plea for persons not to possess firearms at the present docket was "not knowing, voluntary and intelligent." Appellant's Brief at 6. Although he concedes he is "guilty of at least one count" of persons not to possess — *i.e.*, at Docket 288-2020 — Appellant insists "the two separate counts that he [pled] guilty to should have merged." ***Id.*** at 8. He emphasizes that "possession of a firearm is a continuing offense." ***Id.*** at 6, *citing* ***Commonwealth v. Miklos***, 159 A.3d 962, 968 (Pa. Super. 2017). Thus, he maintains, because "the criminal offenses in this case clearly originate from a single crime spree, and there is no evidence that these offenses originated from completely separate criminal acts[,]" he did not knowingly plead guilty to "two separate charges" of persons not to possess firearms. Appellant's Brief at 8. For support, he relies upon

this Court's decision in **Commonwealth v. Woods**, 710 A.2d 626 (Pa. Super. 1998), in which we held that a defendant was improperly sentenced for two violations of carrying a firearm on public street in Philadelphia, 18 Pa.C.S. § 6108, when there "was no evidence to indicate [the defendant] carried the subject weapon in other than an uninterrupted fashion for the entire period encompassing . . . two assaults." **Id.** at 631. **See** Appellant's Brief at 6-7. Thus, Appellant insists his "guilty plea results in a manifest injustice that must be overturned." Appellant's Brief at 8.

We conclude no relief is warranted. As noted above, a defendant who seeks to "challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Lincoln**, 72 A.3d at 609-10. Appellant did not file a post-sentence motion seeking to withdraw his plea, nor did he request permission from the PCRA court to file a post-sentence motion *nunc pro tunc*. **See Commonwealth v. Fransen**, 986 A.2d 154, 155 (Pa. Super. 2009) ("[A] PCRA petitioner who is granted reinstatement of his direct-appeal rights *nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue."), *citing* **Commonwealth v. Liston**, 977 A.2d 1089 (Pa. 2009).

Moreover, although the **trial court** raised a question concerning the propriety of the separate persons not to possess charges and sentences at the guilty plea hearing, Appellant's counsel conceded that Appellant was "not

going to contest that specific charge." N.T., 7/8/20, at 11. Appellant was present during this discussion and, as the trial court points out in its opinion, Appellant did not "contradict his counsel" or otherwise indicate he desired to withdraw the plea. *See* Trial Ct. Op. at 5 (unpaginated). Thus, Appellant has not preserved this claim for appellate review.[11] *See Lincoln*, 72 A.3d at 609-10.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2022

---

[11] We note, too, that based upon the limited record before us, it appears the separate firearm charges at the present docket and Docket 288-2020 were appropriate under *Woods*. Here, Appellant was accused of firing his 45 caliber handgun at Mattey during an argument. At Docket 288-2020, the same handgun was recovered during the execution of a search warrant at Appellant's home, which was based upon information independent of the incident involving Mattey. Conversely, in *Woods*, the defendant was accused of shooting at two drivers during separate incidents that occurred shortly after one another along the same roadway. *See Woods*, 710 A.2d at 628. Unlike in *Woods*, here, Appellant did not possess the firearm in "an uninterrupted fashion for the entire period encompassing" the two incidents. *Id.* at 631.