J-A15005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON THOMPSON | : | |
| | : | |
| Appellant | : | No. 1338 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 2, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013380-2017

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 27, 2022**

Brandon Thompson appeals from the judgment of sentence imposed after he pled guilty to third-degree murder, burglary, and related charges. Appellant asserts that the trial court erred in denying his post-sentence motion to withdraw his guilty plea.  We affirm.

At the guilty plea hearing, the Commonwealth provided a detailed summary of the factual history.  **See** N.T. Guilty Plea Hearing, 8/2/19, at 7-15.  In relevant part, on March 17, 2017, Appellant and Jamal Pamplin ("Pamplin") proceeded to the apartment of Timothy Johnson ("Johnson") in Pittsburgh, Pennsylvania.  Also, present in the home was Anthony Bailey ("Victim"), a rival drug dealer whom Appellant wished to rob in the hopes of deterring him from continuing to deal drugs out of Johnson's apartment.  **Id**. at 9.  There was a "knock at the back door and eventually Appellant and Pamplin entered Johnson's apartment."  **Id**. at 10.  Upon entry, Appellant and

Pamplin immediately demanded money from Victim. *Id*. When Victim resisted, a physical altercation ensued between Pamplin and Victim. *Id*. Thereafter, Appellant produced a .40 caliber firearm from his waistband and began shooting Victim, who fell to the ground and later died from his wounds. *Id*. at 10-11. Pamplin was shot twice but survived the encounter. *Id*. at 11. An investigation ensued and Appellant was arrested and charged with homicide, burglary, and related charges based on his involvement in the Victim's shooting death.

On August 2, 2019, Appellant entered into a negotiated guilty plea to third-degree murder, criminal attempt— homicide, aggravated assault, robbery, burglary, conspiracy to commit third degree murder, carrying a firearm without a license, and possession of a firearm. The parties agreed that Appellant would receive concurrent sentences for the criminal attempt, aggravated assault, conspiracy, and firearm charges. The court accepted the guilty plea and moved directly to sentencing. *Id*. at 32. After reciting the applicable sentencing guidelines, the Commonwealth advocated for the imposition of consecutive sentences for the third-degree murder, robbery, and burglary convictions. *Id*. Plea counsel requested that all of Appellant's sentences run concurrently and fall within the bottom of the standard range. *Id*. at 34. Ultimately, the trial court imposed consecutive incarceration sentences of eighteen to thirty-six years for third-degree murder, one to fourteen years for the robbery, and one to ten years for the burglary.

Concurrent sentences were issued at the remaining charges.[1]   In total, Appellant received a sentence of twenty to sixty years of incarceration.

On June 25, 2021, Appellant filed a post-sentence motion *nunc pro tunc*.[2]  In the post-sentence motion Appellant requested that he be permitted to withdraw his guilty plea because there was no factual basis for the burglary conviction.  Alternatively, Appellant requested reconsideration of his sentence. The trial court denied the motion and this appeal followed.  Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issue for our review:  "Whether the trial court erred in failing to allow Appellant to withdraw his guilty plea when there was no factual basis to support the crime of burglary?"  Appellant's brief at 5.

We begin with a review of the pertinent legal principles. "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea [rests] within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa.Super. 2017).  "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (cleaned up).  "An abuse of

---

[1] The court found that the two firearms offenses merged for sentencing purposes.

[2] Initially, Appellant did not file a post-sentence motion or a direct appeal. However, after a successful Post Conviction Relief Act petition, that saw the appointment of current counsel, Appellant's post-sentence and direct appeal rights were reinstated *nunc pro tunc*.

- 3 -

discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." ***Id***. (cleaned up). Indeed, "it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." ***Id***. at 121.

While pre-sentence requests to withdraw guilty pleas are liberally allowed, "a request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Culsoir***, 209 A.3d 433, 437 (Pa.Super. 2019). To prevail on a post-sentence request to withdraw a plea, "[a] defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa.Super. 2018) (internal quotation marks omitted). The determination as to whether a guilty plea was involuntary is made by examining the totality of the circumstances surrounding the plea, including whether the trial court elicited the following information:

(1) Does the Appellant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the Appellant understand that he or she has the right to trial by jury?

(4) Does the appellant understand that he or she is presumed innocent until found guilty?

(5) Is the Appellant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the Appellant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011); *see also* Pa.R.Crim.P. 590, Comment.

Here, Appellant made a post-sentence request to withdraw his plea. Appellant's sole contention is that the factual basis offered by the Commonwealth did not support a guilty plea to burglary. *See* Appellant's brief at 19. Appellant explains that the summary was insufficient because the Commonwealth failed prove that he unlawfully entered the premises where the shooting occurred. *Id*. In contrast, the Commonwealth argues that it satisfied all the elements of burglary and had no obligation to prove Appellant had no license to enter the premises during the guilty-plea colloquy. *See* Commonwealth's brief at 15-16. The trial court agreed, finding that the factual summary offered by the Commonwealth established proof of guilt and

rendered Appellant's claim meritless. *See* Trial Court Opinion, 1/19/22, at 11. We agree with the trial court.

Burglary is defined as follows:

**(a) Offense defined**. -- A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

. . .

**(b) Defense**. -- It is a defense to prosecution for burglary if any of the following exists at the time of the commission of the offense:

. . .

(3) The actor is licensed or privileged to enter.

18 Pa.C.S. § 3502(a)(1)(i), (b)(3).

It is clear from our review that the Pennsylvania Crimes Code requires proof that Appellant entered Mr. Johnson's residence with the intent to commit a bodily-injury crime while someone was present. *See* 18 Pa.C.S. § 3502(a)(1)(i). The record supports the trial court's finding that the Commonwealth offered a factual basis supporting each element of the burglary charge. *See* N.T. Guilty Plea Hearing, 8/2/19, at 7-15 (the prosecutor explaining that Appellant entered Mr. Johnson's apartment with a firearm that he used to shoot and kill Victim).

Nevertheless, Appellant contends that the factual basis was insufficient because the Commonwealth was required to prove that he did not have license to enter the premises. However, license to enter the premises is not an element of burglary. *See* 18 Pa.C.S. § 3502(a)(1)(i). Instead, license to enter the premises is an affirmative defense to burglary. *See* 18 Pa.C.S. § 3502(b)(3); *see also Commonwealth v. Edwards*, 903 A.2d 1139, 1148 (Pa. 2006) (finding that a person who is licensed or privileged to enter a building cannot be convicted of burglary). Accordingly, the Commonwealth was only required to prove that Appellant unlawfully entered the premises if, at the time of the guilty plea, evidence was introduced which put the defense at issue. *See Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012) (explaining there must be "some evidence" to justify a finding of an affirmative defense before the Commonwealth is required to disprove the defense beyond a reasonable doubt); *Commonwealth v. Fluharty*, 632 A.2d 312, 315-16 (Pa.Super. 1993) (noting that a guilty plea should be rejected where the defendant asserts facts at the guilty plea hearing which, if true, would establish an affirmative defense).

Herein, no such evidence was introduced. Instead, Appellant indicated that he was pleading guilty because he committed the crimes and waived his right to present any defenses. *See* N.T. Guilty Plea Hearing, 8/2/19, at 16; Written Guilty Plea Colloquy, 8/2/19, at 5; *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (reiterating the well-established

principle that by pleading guilty a defendant waives all defenses). Accordingly, the trial court did not abuse its discretion when it found that the Commonwealth had established a factual basis to support the crime of burglary and denied Appellant's motion to withdraw his guilty plea on that basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2022