J-S38041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARL E. JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 1388 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 20, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003681-2021

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED OCTOBER 23, 2023**

Carl E. Johnson, Jr. (Johnson) appeals from the judgment of sentence imposed in the Court of Common Pleas of Montgomery County (trial court) following his entry of an open guilty plea to aggravated assault and driving while operating privilege is suspended or revoked (DUS).[1] On appeal, Johnson challenges the validity of his guilty plea. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(3) (attempts to cause or causes bodily injury), 75 Pa.C.S. § 1543(b)(1.1)(i) (driving with blood alcohol content of 0.02% or greater while license suspended).

**I.**

**A.**

The relevant facts and procedural history of this case are as follows. On May 9, 2021, Police Officer Andrew Bixler of the Norristown Police Department stopped Johnson's vehicle after he observed him racing with another car and committing multiple traffic violations. During the stop and ensuing altercation, Johnson ignored Officer Bixler's commands, repeatedly struck him in the face and grabbed his throat, obstructing his airway. Backup officers responded to the scene and were eventually able to gain control of Johnson and take him into custody. The incident was recorded on police body video cameras. The Commonwealth charged Johnson with several offenses including two counts of aggravated assault, strangulation, terroristic threats, driving under the influence of alcohol and resisting arrest.

Johnson pled guilty to aggravated assault and DUS on September 28, 2022, the day that his jury trial was scheduled to begin. In exchange, the Commonwealth *nolle prossed* the remaining charges. During the guilty plea hearing, Johnson averred that in lieu of going to trial, he had decided to plead guilty in accordance with the plea agreement offered by the Commonwealth. (*See* N.T. Plea Hearing, 9/28/22, at 6). The trial court advised Johnson of his rights and those he was giving up, including the presumption of innocence and his right to testify at trial. Johnson confirmed that he reviewed the written guilty plea colloquy with his attorney and that he understood all of the

questions and answered them truthfully. During the colloquy with the trial court, Johnson affirmed that no one forced, coerced or offered him anything to enter the plea, and that he had made the decision of his own free will. (*See id.* at 9-10).

The Commonwealth then reviewed the factual basis for the plea, as follows:

Q. So you struck Officer Bixler multiple times; is that correct?

A. I don't remember that.

Q. In watching the videos with your attorney, did you observe yourself striking Officer Bixler multiple times?

A. I mostly found myself—I held onto him. I got a bad knee and I was going to fall. He went to throw me to fall, that's when I grabbed onto him. I wasn't trying to fight him.

[Discussion held off the record].

Q. And you understand that did cause Officer Bixler bodily injury?

A. (No response.)

Q. Do you understand that caused Officer Bixler —

A. Yes.

Q. — bodily injury?

A. Yes.

(*Id.* at 12-13).

In his written guilty plea, Johnson admitted that he "did all the things a person must have done to be guilty of the crime or crimes to which [he is] pleading guilty" and that he understood that his plea "is based on factual

accusations placed in writing by the police and sworn to before a District Justice[.]" (Written Guilty Plea, 9/28/22, at 3, 6). Johnson averred that he was entering the plea of his own free will and that the decision to enter it was his alone. (*See id.* at 5-6).

**B.**

The trial court accepted Johnson's guilty plea as voluntary and deferred sentencing for preparation of a pre-sentence investigation report. During the April 20, 2023 sentencing proceeding, Johnson exercised his right of allocution and asked the court for leniency. Although Johnson acknowledged that he was drunk and belligerent during the incident, he stated that he was not trying to fight with or hurt the officer. (*See* N.T. Sentencing, 4/20/23, at 13-14). The trial court sentenced Johnson to an aggregate term of two-and-one-half to five years' incarceration, followed by two years of probation.

Johnson filed a post-sentence motion on April 26, 2023, requesting the trial court to reconsider the mitigating factors of his history of drug and alcohol abuse and mental health issues. The trial court denied the motion on May 3, 2023. Johnson timely appealed and he and the court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b). In his 1925(b) statement, Johnson asserted for the first time trial court error in accepting his guilty plea as voluntary, given his reluctance to agree to the facts forming the basis for his plea.

In its Rule 1925(a) opinion, the trial court stated that Johnson waived his challenge to the voluntariness of his plea because he failed to raise it in

his post-trial motion. (**See** Trial Court Opinion, 6/26/23, at 3-4). The court also found, based on the totality of the circumstances including its extensive colloquy at the hearing, that Johnson's plea was valid. (**See id.** at 5).

**II.**

In his issue on appeal, Johnson challenges the voluntariness of his guilty plea in light of his reluctance to admit to the acts forming its basis during the plea hearing. (**See** Johnson's Brief, at 9-12). Johnson maintains that his plea is invalid because he "not only equivocated but clearly denied committing the acts forming the factual basis for his guilty plea [and] continued to assert his innocence before sentencing." (**Id.** at 11). At the outset, we find that because Johnson did not raise this issue in the trial court, he cannot raise it for the first time on appeal. As a result, it is waived. **See** Pa.R.A.P. 302(a) (issues not raised in trial court are waived and cannot be raised for first time on appeal).

Even if the issue had been raised, Johnson would not be entitled to relief.[2] "To be valid a guilty plea must be voluntary, knowing and intelligent."

---

[2]

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice. It is well-settled that

*(Footnote Continued Next Page)*

*Commonwealth v. Diehl*, 61 A.3d 265, 268 (Pa. Super. 2013), *appeal denied,* 77 A.3d 1258 (Pa. 2013) (citation omitted). The guilty plea colloquy must affirmatively show that the defendant understood what the plea entailed and its consequences, and this determination must be made by examining the totality of the circumstances. *See Commonwealth v. Davis*, 191 A.3d 883, 889 (Pa. Super. 2018), *appeal denied*, 200 A.3d 2 (Pa. 2019). Additionally, "once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing." *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019). "Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements." *Id.* (citation omitted).

In this case, the record reflects that Johnson, with the assistance of counsel, was made fully aware of the factual basis for his plea through both the written and oral colloquies. While Johnson briefly equivocated at the hearing, he ultimately agreed to the factual basis for the plea and admitted that he caused Officer Bixler bodily injury. Furthermore, in exchange for entering the plea, the Commonwealth *nolle prossed* numerous serious charges stemming from his assault on Officer Bixler and belligerence during his arrest,

---

the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.

*Commonwealth v. Dinell*, 270 A.3d 530, 533 (Pa. Super. 2022) (citation omitted).

- 6 -

including strangulation and terroristic threats. Despite Johnson's claims to the contrary, the record shows that the plea agreement was his best option under the circumstances of this case, and the trial court's extensive colloquy at the hearing, coupled with the written plea, demonstrate that he entered it voluntarily, knowingly and intelligently. Therefore, even if properly preserved, the trial court did not abuse its discretion in finding that the guilty plea was voluntary.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023