J-S19008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BRASWELL | : | |
| | : | |
| Appellant | : | No. 1904 EDA 2021 |

Appeal from the PCRA Order Entered September 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006710-2011

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2022**

Anthony Braswell appeals from the order dismissing, without a hearing, his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. On appeal, Braswell asserts trial counsel's ineffectiveness and the trial court's decision to not appoint him new counsel prior to trial. After careful review, we affirm.

In May 2011, Victim noticed a ten-dollar bill laying in the middle of the street in Philadelphia. *See* N.T., Waiver Trial, 11/19/12, at 11-12. Victim picked up the money and continued shopping with her daughter for about two hours before returning to the area and visiting her cousin's house. *See id.* at 12-13. Braswell approached Victim as she and her daughter were standing

_____

[*] Former Justice specially assigned to the Superior Court.

outside and demanded Victim return his money. *See id.* at 14. Victim replied that she did not have any money and sent her daughter inside the home with her purse. *See id.* at 15. Braswell continued to demand money, and when Victim refused, Braswell stabbed Victim in the abdomen.[1] *See id.* at 16-17.

Following a bench trial, Braswell was convicted of aggravated assault, possession of an instrument of crime, simple assault, recklessly endangering another person.[2] The trial court sentenced Braswell to an aggregate term of 25 to 50 years in prison, followed by 7 years of probation. Braswell filed a post-sentence motion challenging the sufficiency and weight of the evidence, which the trial court denied. On direct appeal, this Court affirmed the judgment of sentence. *See Commonwealth v. Braswell*, 118 A.3d 452, 2928 EDA 2013 (Pa. Super. filed Jan. 23, 2015) (unpublished memorandum). The Pennsylvania Supreme Court denied Braswell's petition for allowance of appeal.

On October 15, 2016, Braswell filed a timely, *pro se* PCRA petition. The PCRA court appointed Braswell counsel, who filed an amended PCRA petition on his behalf. The Commonwealth filed a motion to dismiss the PCRA petition.

---

[1] As a result of the stabbing, Victim had to undergo emergency and voluntary surgeries requiring 36 staples. *See* N.T., Waiver Trial, 11/19/12, at 17-18. Victim testified that she is physically unable to shop or do laundry by herself, and she cannot lift over 50 pounds. *See id.* at 18-19.

[2] *See* 18 Pa.C.S.A. §§ 2702, 907, 2701, 2705.

After issuing appropriate notice under Pa.R.Crim.P. 907, the PCRA court dismissed Braswell's petition. This timely appeal followed.

Our appellate review of the PCRA court's denial of Braswell's petition "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. Super. 2012) (citation omitted). Further, there is no absolute right to an evidentiary hearing, and the decision to deny a hearing is within the PCRA court's discretion. **See Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa. Super. 2019). "[T]he PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation and quotation marks omitted).

On appeal, Braswell raises several ineffective assistance of counsel claims and argues the PCRA court erred by dismissing his PCRA petition without a hearing. Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). In order to overcome this presumption, an appellant must demonstrate the following:

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an

ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

First, Braswell claims his trial counsel was ineffective for advising him to proceed to a bench trial. *See* Appellant's Brief at 14. According to Braswell, counsel did not properly advise Braswell that he would be foregoing certain rights or that he would not receive leniency in sentencing in exchange for waiving his right to a jury trial. *See id.*

Criminal defendants have a constitutional right to a jury trial; however, the right may be knowingly and voluntarily waived. *See Commonwealth v. Houck*, 948 A.2d 780, 787 (Pa. 2008). Further, "lawyers have an obligation to their clients in conjunction with the waiver of basic rights, including the waiver of a jury…." *Commonwealth v. Mallory*, 941 A.2d 686, 698 (Pa. 2008). In particular, a defendant must be aware of the following requirements: 1) the jury must be chosen from members of the community; 2) the defendant is entitled to participate in jury selection; and 3) a jury verdict must be unanimous. *See id.*

In order to succeed on his claim of ineffectiveness, Braswell must establish that counsel interfered with his decision to waive a jury trial, or that counsel's advice was so unreasonable that Braswell's waiver could not have been knowing and intelligent. *See Mallory*, 941 A.2d at 701. Additionally, to establish prejudice, Braswell "must show that his understanding of the []

waiver was constitutionally impaired by his lawyer's deficient performance, as well as proof that he would have elected a jury but for his lawyer's performance." *Id.* at 702.

We presume that Braswell was aware of what he was doing when he entered his guilty plea. *See Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019). Consequently, he is bound by statements he made during his guilty plea colloquy and may not successfully assert any claims that contradict those statements. *See id.*

Here, Braswell does not explicitly contend that he would have proceeded to a jury trial but for counsel's alleged errors. Instead, he includes only a cursory statement that the prejudice he suffered is obvious.

Braswell's argument is both deficient and belied by the record. During the waiver colloquy, the trial court confirmed Braswell's understanding of his right to a jury trial through the three required areas of inquiry. *See* N.T., Waiver Trial, 11/19/12, at 8. Braswell also affirmed that he had not been threatened in any way or promised anything in exchange for giving up his jury trial rights. *See id.* at 8-9. As Braswell cannot now contradict those statements, he has failed to establish that his waiver was unknowing or involuntary as a result of counsel's performance, nor has he established that he was prejudiced such that he would have opted for a jury trial absent counsel's purported errors. Therefore, he is not entitled to relief on this claim.

Next, Braswell challenges the effectiveness of counsel's representation during the sentencing hearing. *See* Appellant's Brief at 15. According to Braswell, counsel failed to present certain mitigating evidence at sentencing. *See id.* at 16. Braswell also claims counsel failed to challenge the application of his two prior convictions in Maryland toward Pennsylvania's "three strikes" law. *See id.*

Braswell's claim is severely underdeveloped and includes only bald assertions; it is also wholly unsupported by citation to and discussion of relevant case law. When an appellant cites no authority to support an argument, "this Court is inclined to believe there is none." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) (citing Pa.R.A.P. 2119(a), which requires appellant to discuss and cite pertinent authorities). Accordingly, this claim is waived.[3]

Braswell also contends that trial counsel was ineffective for failing to investigate and interview Raven Anderson as a defense witness. *See* Appellant's Brief at 17. According to Braswell, "Anderson would testify that the

---

[3] Moreover, contrary to Braswell's assertion, the trial court was, in fact, fully aware of Braswell's mental health history. *See* N.T., Sentencing, 1/8/13, at 2 (wherein the trial court stated it reviewed Braswell's presentence investigation report and mental health evaluation and made them part of the record). Counsel also conveyed that she had reviewed Braswell's prior convictions in Maryland and concluded they qualified as prior convictions for purposes of Pennsylvania's "three strikes" law. *See id.* at 7-8. In his brief, Braswell fails to provide any argument concerning why they should not qualify.

[V]ictim and the Commonwealth's witnesses were drug dealers and had threatened [Braswell] in the past." ***Id.***

To establish his claim of ineffectiveness based on counsel's failure to call a potential witness, Braswell was required to plead several basic details supporting his claim:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citation omitted). Additionally, "[a] failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy." ***Id.*** at 1109 (citation omitted).

Braswell provides no more than cursory allegations concerning each of the above requirements.[4] While Braswell claims he provided trial counsel with Anderson's contact information, he did not attach an affidavit from Anderson to his PCRA petition, amended PCRA petition, or his appellate brief. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 250 (Pa. Super. 2004) (stating

---

[4] We note that the information regarding this witness is absent from either Braswell initial, *pro se* petition or in his counseled, amended petition. Rather, it is supplied in PCRA counsel's memorandum of law attached to the amended petition. We further note that neither the amended petition nor the attached memorandum of law contained a verification signed by Braswell. ***See*** Pa.R.Crim.P. 901(B).

that "ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.") (citation omitted). Moreover, Braswell has failed to support his argument with citation to and discussion of any pertinent authorities; this claim is therefore waived. **See** Pa.R.A.P. 2119(a); **Reyes-Rodriguez**, **supra**.

Finally, Braswell avers the trial court erred by declining his request to postpone his trial and to appoint him new counsel. **See** Appellant's Brief at 18.

Here, prior to the start of the bench trial, Braswell stated he wished to postpone trial and obtain new court-appointed counsel. **See** N.T., 11/19/12, at 4. Braswell expressed his belief and "general feeling" that trial counsel was not advancing his best interests. **See id.** at 5-6. Braswell did not raise this issue before this Court on direct appeal despite being represented by new counsel. Because Braswell had the opportunity to raise this claim on direct appeal but failed to do so, his final claim is waived. **See** 42 Pa.C.S.A. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); **see also Commonwealth v. Lambert**, 797 A.2d 232, 240 (Pa. 2001) (concluding that ten of PCRA appellant's issues were waived because they could have been raised on direct appeal).

Without clear argument from Braswell identifying any facts still at issue, we cannot conclude the denial of an evidentiary hearing was an abuse of the PCRA court's discretion. Based upon the foregoing, we affirm the order dismissing Braswell's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022