J-A19012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NELSON MO MCALLISTER II | : | |
| | : | |
| Appellant | : | No. 427 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000803-2022

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED: November 4, 2025**

Appellant, Nelson Mo McAllister II, appeals *nunc pro tunc* from the judgment of sentence of five to ten years' imprisonment, imposed following his guilty plea to one count of statutory sexual assault, a felony of the first degree (18 Pa.C.S. § 3122.1(b)). Appellant maintains that the trial court erred in failing to permit him to withdraw his plea. We affirm.

This case has a complicated procedural history. On November 15, 2022, the Commonwealth filed an information charging Appellant with 20 counts each of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, and indecent assault for incidents involving Appellant's sexual contact with the fifteen-year-old victim, T.B., who had been residing with Appellant and his wife. The Commonwealth filed an amended information on October 11, 2023, withdrawing many counts, yet still charging Appellant with single counts of involuntary deviate sexual intercourse,

statutory sexual assault, aggravated indecent assault, and indecent assault.[1] Appellant was represented by Dennis A. Elisco, Esquire, of the Office of the Public Defender of Lawrence County.

After negotiations with the Commonwealth, Appellant entered a guilty plea on October 12, 2023, to a single charge of statutory sexual assault with the agreement that his sentence would be 6 to 12 years' incarceration. N.T. Guilty Plea, 10/12/23, at 4. The trial court scheduled a sentencing hearing to occur after Appellant received an assessment to determine if he was a sexually violent predator (SVP). Prior to the sentencing hearing, however, Appellant filed a motion seeking to withdraw his guilty plea, claiming his innocence and asserting that he had new evidence — specifically, that T.B. had recanted her accusation. Motion to Withdraw Guilty Plea, 1/12/24.

The trial court conducted a hearing on Appellant's motion on January 25, 2024. Appellant planned to call his wife to testify at this hearing, but the trial court determined that it was in her best interests to be represented by counsel. Accordingly, the trial court appointed counsel for Mrs. McAllister and scheduled a new hearing for March 4, 2024. N.T. Hearing, 1/25/24, at 42.

On the new hearing date, the parties decided not to proceed with the motion to withdraw Appellant's plea. N.T. Hearing, 3/4/24, at 2. Appellant explained to the trial court that he now wished to withdraw his motion to withdraw his plea and, instead, accept the Commonwealth's new plea offer,

---

[1] 18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), 3125(a)(8), and 3126(a)(8), respectively.

which lessened his sentence to a term of 5 to 10 years' imprisonment.  ***Id.*** at 3.  The Commonwealth further agreed that they were not pursuing an SVP designation for Appellant.  ***Id.*** at 5.  Also at this hearing, Appellant was asked to reaffirm the responses he had previously given regarding his plea; Appellant stated that he was acting voluntarily and of his own free will.  ***Id.*** at 5-7.

Because Appellant withdrew his request to withdraw his plea, the court scheduled a sentencing hearing for April 4, 2024.  On that date, the court sentenced Appellant, pursuant to his plea agreement, to a term of 5 to 10 years' incarceration, and awarded him credit for time served of 133 days.  Sentencing Order, 4/4/24.

Despite being represented by counsel, Appellant, *pro se*, sent the court a letter that he entitled "Post[-]Sentence Motion," which was docketed on April 22, 2024.  In this document, Appellant again sought to withdraw his plea, this time by claiming that counsel had been ineffective for failing to further investigate text messages T.B. sent to his wife purportedly recanting the accusations and failing to present a defense to his charges.  Appellant's letter was properly forwarded to his attorney of record.  As Appellant claimed that his trial counsel was ineffective, Attorney Elisco filed a motion to withdraw as Appellant's counsel.  Motion, 4/29/24.  The court granted this motion and appointed Christopher P. Lacich, Esquire, to represent Appellant.  Order, 4/29/24.

Ultimately, Attorney Lacich filed a petition on September 6, 2024, under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking permission to file a post-sentence motion *nunc pro tunc* on Appellant's behalf, as well as a direct appeal. The court conducted a hearing on the petition, at which both Attorney Elisco and Appellant testified. Attorney Elisco was asked about his preparation for Appellant's case, and expressed his concern that Appellant's conviction could result in a third-strike sentence of 25 years to life. N.T. PCRA Hearing, 2/3/25, at 12-18, 21. Attorney Elisco testified that, after receiving notice of T.B.'s text messages to Mrs. McAllister purportedly recanting her accusations against Appellant, he filed the motion to withdraw Appellant's plea. *Id.* at 26-27. However, he subsequently withdrew the motion to withdraw Appellant's plea at the request of both Appellant and Mrs. McAllister, after Appellant renegotiated his sentence with the Commonwealth. *Id.* at 30.

Appellant testified that he had wanted to go to trial, but only entered the plea because of Attorney Elisco's statement that he could not win an acquittal at trial and that Appellant would be sentenced to 25 years to life. *Id.* at 64. Appellant stated that he admitted on the record to the facts underlying his plea only because he wanted to get home to his family at some point; he also asserted his innocence. *Id.* at 73.

Following this hearing, the trial court granted the PCRA petition, reinstating Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. Order, 2/18/25. Appellant filed a motion to withdraw his plea *nunc pro*

*tunc* on February 25, 2025. Both Appellant and the Commonwealth were directed to file briefs on the matter of withdrawing Appellant's plea, and both complied. Thereafter, the trial court denied Appellant's post-sentence motion in its entirety. Trial Court Opinion and Order (TCOO), 3/21/25. Appellant then filed a *nunc pro tunc* notice of appeal from his judgment of sentence on April 9, 2025. Appellant and the trial court have each complied with Pa.R.A.P. 1925.

Appellant raises the following claim on appeal:

> Whether the trial court erred and abused its discretion when it denied … Appellant's post-sentence motion, *nunc pro tunc*, to withdraw his guilty plea after sentencing?

Brief of Appellant at 12.

Preliminarily, we note that the Commonwealth has asserted that Appellant's *pro se* motion, filed April 22, 2024, was untimely, citing the time limit for filing a timely post sentence motion as 10 days after the imposition of sentence. Pa.R.Crim.P. 720(a)(1). However, the timeliness of Appellant's *pro se* post-sentence motion is irrelevant, as the PCRA court reinstated Appellant's right to file a post-sentence motion *nunc pro tunc* on February 18, 2025, and he timely filed that motion on February 25, 2025. There is also no issue with the timeliness of Appellant's PCRA petition, as a PCRA petition will be considered to be timely if filed within one year of the imposition of a petitioner's sentence. **See** 42 Pa.C.S. § 9545(b)(1) (providing that a timely PCRA petition shall be filed within one year of the date the judgment becomes final). Here, Appellant's PCRA petition was clearly timely, and the trial court

- 5 -

had jurisdiction to consider it and reinstate his post-sentence motion and direct appeal rights. We therefore will address the merits of Appellant's claim regarding the withdrawal of his plea.

"[T]here is no absolute right to withdraw a guilty plea[.]" *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291 (Pa. 2015). We review the denial of a post-sentence motion to withdraw a guilty plea under an abuse of discretion standard. *Commonwealth v. Gabra*, 366 A.3d 1052, 1056 (Pa. Super. 2025). For this purpose, we note that an "abuse of discretion" is not a mere error of judgment; rather, an abuse of discretion occurs "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is the result of partiality, prejudice, bias or ill will." *Id.* at 1057. Moreover, a defendant's request to withdraw a guilty plea after sentencing is subject to enhanced scrutiny because courts strive to discourage the entry of guilty pleas as sentence-testing devices. *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citation omitted). "Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice." *Id.*

In determining whether a guilty plea is valid, the court will consider the totality of the circumstances surrounding the plea. *Gabra*, 366 A.3d at 1057 (citation omitted).

> Moreover, once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. A person who elects to plead guilty is bound by the statements he makes in open court while

under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy. In assessing the voluntariness of a guilty plea, we note [that] the law does not require that [an] appellant be pleased with the outcome of his decision to enter a plea of guilty[.] All that is required is that [the] appellant's decision to plead guilty be knowingly, voluntarily, and intelligently made.

*Commonwealth v. Alameda*, 339 A.3d 504, 510 (Pa. Super. 2025) (cleaned up). When a defendant enters a guilty plea on the advice of counsel, the voluntariness of his plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018) (citation and quotation marks omitted).

A valid guilty plea colloquy must delve into the following six areas: the nature of the charges, the factual basis for the plea, the defendant's right to a jury trial, the presumption of innocence, the appropriate sentencing ranges on the charges faced by the defendant, and the court's power to deviate from the Commonwealth's recommended sentence. *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *see also* Pa.R.Crim.P. 590, Cmt. Any written plea colloquy completed and signed by the accused may supplement any oral, on-the-record, examination by the court. *Reid, supra*. A defendant challenging his plea has the burden to establish that it was not entered knowingly, understandingly or voluntarily. *Id.* at 783. Furthermore, "[t]he entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." *Id.*

Here, Appellant argues that his guilty plea "was induced by plea counsel and … entered by him unknowingly, unintelligently, involuntarily and without full understanding." Brief of Appellant at 14. Our review of Appellant's claim must begin with a consideration of his initial guilty plea hearing. There, the Commonwealth presented the negotiated plea agreement to the court as follows:

> [THE COMMONWEALTH]: Your Honor, … [Appellant] will enter a guilty plea today to count four of the information, statutory sexual assault. It is graded as a felony of the first degree. The Crimes Code reference is [18 Pa.C.S. §] 3122.1(b)…. The recommendation will be incarceration of a period of not less than six years nor more than twelve years, [in a] state correctional institution. This would entail sex offender rules and treatment upon parole. [Appellant] will have to register with SORNA[2] for the balance of his natural life. There's also a no contact provision, of course, Your Honor, involving the minor victim in this case[.]

N.T. Guilty Plea at 4. Appellant testified under oath at this hearing that he understood he was pleading guilty to one count of statutory sexual assault, a felony of the first degree. *Id.* at 5. Appellant stated under oath that he had completed the written colloquy form with counsel, his answers were truthful, and they were made of his own free will. *Id.* at 6-7. Appellant also testified that no one had threatened him or promised him anything in exchange for the plea. *Id.* at 7. He was informed of the maximum sentence on that charge, and stated he understood that the judge was not bound to accept his negotiated agreement with the Commonwealth. *Id.* Appellant was also

_____

2 Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10– 9799.41.

informed about his right to have a jury trial, and that he was presumed to be innocent of the charges. *Id.* Importantly, Appellant also admitted on the record that he committed the offense charged as follows:

> Q. Sir, as to the count you're pleading guilty to, the Commonwealth requires an admission from you to the criminal conduct that's alleged in count four, and it's alleged that on or about March – I'm giving a general timeframe, but on or about March of 2022, that you did engage in sexual intercourse with a minor female, [T.B.]; at the time, she was less than 16 years of age and you were 11 or more years older than she was. Do you admit that, sir?
>
> A. Yes.

*Id.* at 8. Appellant answered affirmatively when asked if he had discussed the plea with his attorney, had reviewed the evidence with his attorney, and had discussed his potential sentence. *Id.* at 8-9. Finally, Appellant was asked if he was satisfied with the services of his attorney, to which he replied that he was. *Id.* at 9. Registration requirements under SORNA were also explained to Appellant. *Id.* at 11-21. Appellant indicated at that time that he had no questions about the proceedings. *Id.* at 21.

At the hearing on Appellant's motion to withdraw his plea on March 4, 2024, the Commonwealth explained:

> [THE COMMONWEALTH]: After discussions with counsel and counsel's consultation with [Appellant], my understanding of today's proceeding is [Appellant] will withdraw his Motion to Withdraw Guilty Plea. The Commonwealth has proposed an alternative resolution in terms of a sentence recommendation. The original plea involved incarceration of not less than six nor more than twelve years. Our recommendation will now be not less than five nor more than ten years. All other terms of the prior guilty plea would then also apply.

N.T. Hearing, 3/4/24, at 3. The Commonwealth also confirmed that it recommended a sentence in the standard range of the sentencing guidelines. *Id.* Appellant agreed that the Commonwealth accurately recited the new agreement. *Id.* at 4. Also at this hearing, Appellant was asked if he had provided truthful answers at the guilty plea colloquy, to which Appellant responded that he had. *Id.* at 5. Appellant was further asked if he wished to reaffirm the answers from the prior colloquy. *Id.* Appellant again responded in the affirmative. *Id.* Appellant also affirmed that he understood the proceedings and was withdrawing his request to withdraw his plea because of the change in the Commonwealth's sentencing recommendation. *Id.* at 7. Thereafter, the court noted the revision to the plea agreement, granted the motion to withdraw Appellant's motion to withdraw his plea, and set sentencing for April 4, 2024. *Id.* at 8.

At the sentencing hearing, the Commonwealth explained that even though the completed SVP assessment found that Appellant met the criteria for an SVP, it would not be seeking such a designation for Appellant based on the history of the case and the plea negotiations. N.T. Sentencing, 4/4/24, at 4. The Commonwealth noted that it had informed T.B. and her guardian of the proposed resolution of the case, and they were satisfied with it. *Id.* at 5. On the date of sentencing, T.B. had been placed in a mental health facility. *Id.* Further, Appellant's counsel informed the trial court that, in his view, Appellant had two reasons for agreeing to the revised plea agreement—he wished to alleviate any further trauma inflicted on the victim, and he also

wanted to avoid a third-strike sentence of 25 years to life. *Id.* at 8. Appellant also testified that he wanted to help his family, and ensure that he could eventually come home. *Id.* at 9. After this testimony, the motion to withdraw Appellant's plea was withdrawn.

The hearing on Appellant's PCRA petition occurred on February 3, 2025. Therein, Attorney Elisco testified that both he and Appellant were aware of the incriminating evidence in the case; police had a recording of a telephone call between Appellant and T.B., in which Appellant admitted to having sexual intercourse with T.B. N.T. PCRA Hearing, 2/3/25, at 16-18. Police also had possession of a vibrator, on which DNA was found from both Appellant and T.B. *Id.* at 18. Appellant also had two prior robbery convictions, which raised *crimen falsi* concerns with regard to Appellant's testifying at trial and heavily impacted his sentence. *Id.* at 18-19. Attorney Elisco explained his professional evaluation of Appellant's case:

> The insurmountable obstacles were two-fold. The consensual telephone conversations were fatal to our defense. If they, for some reason, weren't fatal, the corroborating DNA evidence entirely, in my opinion, in my assessment, sealed his fate. In my opinion, I would not have expected to win the trial.

*Id.* at 20-21. Because of Appellant's criminal record, he faced a third-strike sentence which could have been 25 years to life. *Id.* at 21. Attorney Elisco stated that these factors caused him to approach Appellant about pleading guilty. *Id.* Attorney Elisco testified that he "was very, very, very worried for him if we went to trial." *Id.* at 26.

With respect to the text message which underlies Appellant's claim that T.B. allegedly admitted to fabricating the allegations against Appellant, Attorney Elisco acknowledged that he had considered whether T.B.'s recantation was authentic. In that vein, T.B.'s guardian testified under oath that T.B. had admitted to sending the message, but also claimed that she did so because she didn't want Mrs. McAllister—the woman she called her "step-mom"—to hate her. *Id.* at 27-29. Thus, Attorney Elisco did not think that T.B. had actually recanted her accusation; rather, she was trying to placate her step-mom. *Id.* at 29-10. Nevertheless, Attorney Elisco testified that after he and Appellant had renegotiated with the Commonwealth for a lesser sentence, both Appellant and his wife were "insistent" that counsel withdraw the motion to withdraw Appellant's plea. *Id.* at 30. Attorney Elisco was adamant that Appellant was happy with the new plea offer. *Id.*

Given this record, we discern no merit in Appellant's claim that his plea was induced by counsel, or that it was involuntarily, unknowing, or unintelligent. Additionally, we reject his claim that his plea was not knowingly, intelligently, or willingly made based on the following exchange:

> [Appellant's counsel]: And so I guess though my question is, your testimony sort of infers, **was it your will or his will not to go to trial, ultimately?**
>
> [Attorney Elisco]: **I would think it was more my will**, but he definitely consented to my recommendation. Ultimately, it's up to him[.]

*Id.* (emphasis added). Appellant argues that this exchange indicates that he did not enter into a knowing and intelligent plea. Appellant argues that the

- 12 -

"extraordinary" testimony given by counsel above warrants extraordinary relief, *i.e.*, permitting him to withdraw his plea and proceed to trial. Brief of Appellant at 21. We do not agree.

Appellant cannot now contradict the statements he made, under oath, during his plea colloquy in an attempt to withdraw his plea. As stated above, we presume that Appellant was aware of what he was doing when he entered his plea. ***Alameda***, ***supra.*** Appellant is bound by his prior statements from both the written and oral plea colloquies that his answers in the colloquy were truthful and the product of his own free will. ***Id.*** ***See also*** N.T. Guilty Plea at 6-7. Appellant admitted to having sexual contact with T.B. ***Id.*** at 8. Appellant also stated in court that he was satisfied with the advice of his counsel. ***Id.*** at 9. In addition, Appellant was directly involved with his plea negotiations, which is a strong indicator that his plea was voluntary. ***Reid***, 117 A.3d at 783.

The trial court explained why it did not grant Appellant's request to withdraw his plea as follows:

> The record demonstrated [Appellant] was fully advised of his rights and the elements of the charges asserted against him. At the time he entered his plea, [Appellant] stated he was satisfied with the services rendered by Attorney Elisco. [Appellant] only asserted his innocence after his wife received text messages from the victim, which [T.B.'s guardian] explained was the victim's attempt to appease [Appellant's] wife in hopes of reconciling. Even after those text messages, [Appellant] affirmed his guilt during the hearing on March 4, 2024. Furthermore, [Appellant] failed to set forth a plausible defense to support his assertion of innocence despite the victim's text messages. As Attorney Elisco testified, the Commonwealth had recorded telephone

conversations and DNA evidence which incriminated [Appellant]. [Appellant] failed to provide anything of substance to refute that evidence especially when viewed in light of him affirming his guilt under oath before this [c]ourt on two occasions.

Instead, [Appellant] relies on the testimony of Attorney Elisco when asked whose will it was to waive [Appellant's] right to proceed to trial and enter a guilty plea, he stated, "I think it was more my will, but he definitely consented to my recommendation. Ultimately, it's up to him[.]"  In that statement, Attorney Elisco was indicating it was his strong recommendation to enter a guilty plea as opposed to going to trial[,] which the [c]ourt finds reasonable based upon the evidence the Commonwealth intended to present at trial.  Moreover, Attorney Elisco clearly explained it was ultimately [Appellant's] decision to enter the guilty plea. Attorney Elisco's statement certainly does not provide a basis for allowing [Appellant] to withdraw his guilty plea in this matter as he was provided with the opportunity on two occasions to assert his innocence before this [c]ourt and he failed to do so.

TCOO at 12-13.

After review, we discern no abuse of discretion in the trial court's determination that Attorney Elisco's testimony merely indicated that he strongly recommended that Appellant plead guilty, and that counsel's recommendation was reasonable given the evidence in this case.  Moreover, the record amply supports that Appellant's decision to plead guilty was knowing, intelligent, and voluntary based on the statements he made during the guilty plea colloquy and hearings discussed *supra*, which contradict his instant assertions on appeal, and convince us that no manifest injustice occurred by the court's denying his post-sentence motion to withdraw his guilty plea.  ***See Alameda***, ***supra*** (concluding that a plea was knowingly, intelligently, and voluntarily entered where the appellant's claim was contradicted by the sworn statements he provided before the trial court; the

court found no manifest injustice was present that required a withdrawal of the plea); **see also Commonwealth v. Felix**, 303 A.3d 816, 821 (Pa. Super. 2023) (finding that a guilty plea was voluntarily, intelligently, and knowingly entered where the defendant had previously admitted that he understood the nature of the charges he faced, the elements of the charges and potential sentences were sufficiently explained, and the plea colloquy otherwise conformed to the areas of inquiry as set forth in the comment to Pa.R.Crim.P. 590); **Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict the statements made when entering the plea).

Accordingly, finding no error, we affirm the trial court's denial of Appellant's post-sentence request to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/4/2025